UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.

        File No.  1:05-CR-103

        HON. ROBERT HOLMES BELL

DONALD DALE PENCE,

        Defendant.
                                                   /

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Donald Dale Pence's motion to reopen his sentence for modification.  (Dkt. No. 32.)  The Court sentenced Defendant on September 19, 2005.  Defendant alleges that the Federal Bureau of Prisons has not adhered to one of the recommendations that the Court included in its sentence.  For the reasons that follow, Defendant's motion will be denied.

On May 25, 2005, Defendant pleaded guilty to one count of bank robbery, 18 U.S.C. § 2113(a), (g).  The Court sentenced Defendant to seventy-two months of imprisonment, three years of supervised release, restitution of $5,405, a fine of $1,000, and a special assessment of $100. (Dkt. No. 30, 09/19/2005 J. 2-3, 5.)  The Court also recommended "[t]hat the defendant receive a medical evaluation and possible medication to address injuries he sustained in the past[.]" (*Id.* at 2.)  Defendant alleges that the Bureau of Prisons has not implemented this recommendation and asks the Court to modify Defendant's

sentence to have the final thirty-six months of his imprisonment served at the Ann Arbor Rehabilitation Centers Inc. (Def.'s Mot. 4.) Defendant is presently incarcerated in the United States Penitentiary in Hazelton, West Virginia ("USP - Hazelton"). USP - Hazelton is located in the Northern District of West Virginia. 28 U.S.C. § 129(a).

After a district court has imposed a sentence it may not modify the sentence except in the following four situations. 18 U.S.C. § 3582(c). First, a district court may modify a sentence when the Director of the Bureau of Prisons so moves based on the inmates' age or extraordinary and compelling reasons. § 3582(c)(1)(A). As Defendant is the movant, this first exception is inapplicable. Second, a district court may modify a sentence as permitted by Federal Rule of Criminal Procedure 35. § 3582(c)(1)(B). Rule 35 permits a court within seven days of sentencing to correct an "arithmetical, technical, or other clear error" or on the government's motion a court may reduce a defendant's sentence if the defendant has provided substantial assistance to the government. Fed. R. Crim. P. 35(a-b). The exception under Rule 35(a) is inapplicable as well over seven days have passed since Defendant was sentenced. The exception under Rule 35(b) is inapplicable as Defendant is the movant and there is no allegation that Defendant has provided substantial assistance to the government. Third, a district court may modify a sentence when the defendant was sentenced under a sentencing range that was subsequently lowered by the Sentencing Commission. § 3582(c)(2). As there is no contention that the sentencing range that was applied to Defendant has been lowered, the third exception is also inapplicable. Fourth, a prisoner may

2

move for the court which imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. A challenge to a federal sentence as imposed must be made under 28 U.S.C. § 2255; however, a challenge to the execution of a sentence by the Bureau of Prisons must be made under 28 U.S.C. § 2241. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999) (per curiam). Defendant is not challenging the validity of his sentence. Rather, Defendant is challenging the execution of his sentence, so his claim must be brought under 28 U.S.C. § 2241.

A challenge under 28 U.S.C. § 2241 must be brought in the district court having jurisdiction over the prisoner's custodian. *In re Gregory*, 181 F.3d 713, 714 (6th Cir. 1999); *Robinson v. Morrison*, 27 F. App'x. 557, 557 (6th Cir. 2001). This Court does not have jurisdiction over the prisoner's custodian because Defendant is incarcerated in USP - Hazelton, which is in the Northern District of West Virginia. Therefore, Defendant's claim is not properly before the Court. Accordingly,

**IT IS HEREBY ORDERED** that Defendant Donald Dale Pence's motion to reopen his sentence for modification (Dkt. No. 32) is **DENIED**.

Date:     March 5, 2008                    /s/ Robert Holmes Bell
                                           ROBERT HOLMES BELL
                                           CHIEF UNITED STATES DISTRICT JUDGE